Rochelle N. Belnap
The Arizona Credit Law Group, P.L.L.C.
700 E. Baseline Rd. Ste. C-3
Tempe, AZ 85283
State Bar No. 029172
Fax: (480) 907-7126
rochelle@azclg.com
Tel:  (480) 907-6088

Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael G. Liddicoat and Sally L. Liddicoat, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>Shellpoint Mortgage Servicing, a subsidiary of Shellpoint Partners, L.L.C., a Delaware limited liability company; Equifax Information Services, L.L.C., a Georgia limited liability company; Experian Information Solutions, Inc., an Ohio corporation; & Trans Union, L.L.C., a Delaware limited liability company.<br><br>Defendants. | No:<br><br>**COMPLAINT** |

COMES NOW the Plaintiffs, Michael and Sally Liddicoat, by and through undersigned counsel, for its claims against the Defendants, allege as follows:

**THE PARTIES**

1. Plaintiffs, Michael G. Liddicoat and Sally L. Liddicoat, husband and wife, are residents of the State of Arizona and Michael G. Liddicoat is the former owner of

property located at 9452 West Alex Avenue, Peoria, Arizona 85382 who held title as the sole and separate property of Michael G. Liddicoat with a disclaimer deed filed by Sally L. Liddicoat (herein the "Peoria Property").

2. Plaintiffs, Michael G. Liddicoat and Sally L. Liddicoat, executed a note on the Peoria Property to JP Morgan Chase Bank, N.A. for a $49,000 line of credit dated August 2007; the note was subsequently transferred to Resurgent Mortgage Servicing after the foreclosure, who then transferred servicing to Shellpoint Mortgage Servicing in March 2014.

3. Defendant, Shellpoint Mortgage Servicing, a subsidiary of Shellpoint Partners, L.L.C. herein "Shellpoint," upon information and belief is a national mortgage servicer and serviced the mortgage for the Plaintiffs' Peoria Property; however, Shellpoint Partners, L.L.C.'s subsidiary, New Penn Financial, L.L.C., is authorized to do business in Maricopa County, Arizona, and Shellpoint Mortgage Servicing is a registered trade name in the state of Arizona.

4. Defendants, Equifax Information Services, L.L.C., herein "Equifax," Experian Information Solutions, Inc., herein "Experian," and Trans Union, L.L.C., herein "Transunion," upon information and belief, are credit reporting agencies as defined by the Fair Credit Reporting Act § 1681a, and furnish consumer credit reports, including credit information of the Plaintiffs.

**PRELIMINARY STATEMENT**

5. This is an action for actual, statutory, and punitive damages, costs and attorney's fees, including recovery for emotional distress, and humiliation, for False Reporting

and Unfair and Deceptive Collection Practices brought pursuant to 15 U.S.C. § 1681 et seq. (The Federal Fair Credit Reporting Act), and 15 U.S.C. §§ 1692-1692p (The Fair Debt Collection Practices Act).

6. In 2014, Plaintiffs obtained a copy of their credit reports and discovered that Defendant Shellpoint was reporting inaccurate information regarding Mr. Liddicoat's former second mortgage on both Plaintiffs' credit reports; specifically Shellpoint reported that Plaintiffs owed an unpaid balance of $55,830, an unpaid past due balance of $55,335, reported the status of the account as an unpaid "charge off," and reported Plaintiffs as late every month since June 2009.  These errors are herein referred to as the "Shellpoint Misrepresentation." **Exhibit A.**

7. The Shellpoint Misrepresentation is an error because the Peoria Property that was used to secure the debt was sold through foreclosure in June 2009 and the statute of limitations for any breach of contract action subsequently expired on or before January 2015 pursuant to A.R.S. § 12-548.

8. In the alternative, Shellpoint had no recourse against Plaintiffs beyond the sale of the collateral, because the subject mortgage is a non-recourse debt pursuant to A.R.S. §§ 33-729, 33-814.

9. In the alternative, Shellpoint is not entitled to collect the debt.

10. Plaintiffs disputed the reporting of the account with the Defendants in January 2015.

11. Pursuant to Shellpoint's own written statement dated January 30, 2015, Shellpoint agreed to cease reporting the loan to the major credit bureaus and update their own records.  **Exhibit B.**

12. In May 2015, Plaintiffs applied for a mortgage loan and discovered the Shellpoint Misrepresentation remained on their credit report. **Exhibit C.**

13. Shellpoint is required to report closed mortgage transactions where no balance is due as closed with zero balance due, zero balance past due, with a status of "paid" or "paid charge-off," or "settled." **Exhibit D.**

14. Shellpoint is permitted to report the Peoria Property account as a closed mortgage account with a status of charge off with a balance of zero, past due balance of zero, and closed as of the date of sale, or June 2009, and Shellpoint is allowed to report this information for seven years after the last payment was made prior to the foreclosure pursuant to the Fair Credit Reporting Act. 15 U.S.C. § 1681c.

15. Shellpoint is misrepresenting the status of the account by reporting the Shellpoint Misrepresentation because the unpaid balance represents to all viewing the Plaintiffs' credit reports that a balance remains due, owing, and legally enforceable; in other words, that the consumers remain personally liable for the debt.

16. Shellpoint is not permitted to report the mortgage account associated with the Peoria Property as having an unpaid balance, past due balance, or status of unpaid "charge off."

17. Shellpoint cannot report a debt as due and owing by the Plaintiffs after Shellpoint agreed to discontinue reporting and because the Plaintiffs definitively are not being held liable for the debt by Shellpoint or given an opportunity to resolve the debt by Shellpoint.

18. Shellpoint's reporting of an unenforceable debt as due is a misrepresentation of fact

and violates The Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e-f, and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681i, 1681s-2.

19. Shellpoint is only permitted to report information about the account for seven years pursuant to the Fair Credit Reporting Act. 15 U.S.C. § 1681c; however, the account remains on Plaintiffs credit report. **Exhibit E.**

20. Shellpoint is not permitted to falsely report information. 15 U.S.C. § 1681s-2.

21. Shellpoint, Equifax, Experian, and Transunion negligently and maliciously failed to use reasonable procedures to investigate the Plaintiffs' dispute of credit information directly in violation of FCRA 15 U.S.C. §§ 1681i(a)(1)(A), and 1681s-2(b).

22. Shellpoint with malicious and evil intent continues to report this account with an unpaid balance to the credit reporting agencies while having actual knowledge that the Plaintiffs are not personally liable for the debt.

23. Defendants, Equifax, Experian, and Transunion, herein "Defendant Credit Bureaus." were notified of the error through disputes conducted by the Plaintiffs undersigned counsel and by Shellpoint. **Exhibit B and F.**

24. Shellpoint, Equifax, Experian, and Transunion with malicious and evil intent have failed to implement reasonable procedures to investigate disputes of credit information as required by the Fair Credit Reporting Act.

25. Shellpoint is using credit reporting is a method of debt collection.

26. Shellpoint is using credit reporting to illegally enforce collection of the debt in violation of the Fair Credit Reporting Act 15 U.S.C. §1681s-2(a) and the Fair Debt Collection Practices Act 15 U.S.C. §§ 1692e(2), 1692f(6).

27. The Plaintiffs are attempting to rebuild their credit rating, it has been nearly 7 years since the foreclosure and they have expended great effort to improve their financial position and credit rating.

28. Plaintiffs were embarrassed when they saw the balance because they believed the matter was resolved and they were forced to relive the traumatic experience of losing their home.

29. When the Plaintiffs discovered the unpaid balance reporting on their credit reports, they suffered significant stress and embarrassment and have been afraid to apply for personal or business financing for fear of being turned down again; and because they are unable to rebuild their credit they are paying high interest rates on their current mortgage.

30. Plaintiffs are experiencing financial harm as a result of the Shellpoint Misrepresentation in the form of higher interest rates, higher insurance rates, higher security deposits and higher down payments over the last two years.

31. Plaintiffs have been denied credit-based financing as a result of the Shellpoint Misrepresentation.

## JURISDICTION

32. This Court has jurisdiction over this action under 15 U.S.C. § 1681(p) and 15 U.S.C. 1692k(d). An action to enforce liability created under The Fair Credit Reporting Act or The Fair Debt Collection Practices Act may be brought in any appropriate United States district court without regard to the amount in controversy or in any other court of competent jurisdiction within two years of the date of discovery of the violation

by the Plaintiff or within five years after the date on which the violation occurs for Fair Credit Reporting Act cases, or within 1 year from the date on which the violation occurs for Fair Debt Collection Practices Act cases.

33. Venue is proper pursuant to 28 U.S.C. § 1391 because the claim of action arose in Maricopa County, Arizona. The note for the mortgage debt was executed in Maricopa County, Arizona. The subsequent reporting of credit information relating to said note gives rise to this cause of action subject to federal question jurisdiction, as well as diversity jurisdiction.

## FIRST CLAIM FOR RELIEF

## FALSE REPORTING

34. Plaintiffs re-allege and incorporate paragraphs 1 through 33 above as fully set forth herein.

35. Defendant Shellpoint violated FCRA 15 U.S.C. § 1681s-2(b) by continuing to report Plaintiffs' former mortgage account with the unpaid balance of $55,830, the past due balance of $55,335, and with a status of unpaid "charge off;" the result of failing to fully and properly investigate the Plaintiffs' dispute of the Shellpoint Misrepresentation, failing to accurately respond to the Defendant Credit Bureaus, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Shellpoint Misrepresentation to the Defendant Credit Bureaus.

36. Defendants, Equifax, Experian, and Transunion, violated FCRA 15 U.S.C. § 1681i by failing to investigate and respond in a timely manner and by failing to maintain

reasonable procedures to assure maximum possible accuracy of the information concerning the Shellpoint Misrepresentation.

37. Defendants violated FCRA 15 U.S.C. § 1681c by reporting the Shellpoint Misrepresentation for longer than 7 years.

38. Defendants' actions were negligent as defined by FCRA 15 U.S.C. §§ 1681n.

39. Defendants' actions were malicious and conducted with evil intent as defined by FCRA 15 U.S.C. § 1681 o.

40. As a result of this conduct, action, and inaction by Defendants, Plaintiffs suffered damage by paying higher rates on their mortgage, higher insurance rates and security deposits, loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment which prevents Plaintiffs from applying for credit personally or for their business to their extreme detriment.

41. The Defendants conduct, action, and inaction render them liable for actual, statutory, and punitive damages in the amount to be determined by the Court pursuant to The Fair Credit Reporting Act 15 U.S.C. § 1681n, or in the alternative Plaintiffs are entitled to recover actual damages pursuant to 15 U.S.C. § 1681o.

42. Plaintiffs are entitled to recover costs and attorney fees from Defendants in an amount to be determined by the court pursuant to 15 U.S.C.  §§ 1681n-o.

## SECOND CLAIM FOR RELIEF

## UNFAIR AND DECEPTIVE COLLECTION PRACTICES

43. Plaintiffs re-allege and incorporate paragraphs 1 through 42 above as fully set forth

herein.

44. Shellpoint falsely represented the character, amount, and legal status of the debt to the consumer via mail and to third parties via credit reporting by reporting sums not legally enforceable; specifically by representing that Plaintiffs owed $55,830.00 when Shellpoint knew or should have known that the debt was expired, non-recourse, or otherwise uncollectable in violation of 15 U.S.C. § 1692e(2)(A).

45. Shellpoint falsely threatened to take action that could not legally be taken or that was not intended to be taken by reporting the mortgage debt as due and legally enforceable to the credit bureaus when Shellpoint knew or should have known that Shellpoint could not pursue legal action to enforce the debt as is implied by the method of credit reporting in violation of 15 U.S.C. §1692e(5).

46. Shellpoint communicated credit information which is known or should be known to be false, including the failure to communicate that the debt was disputed by communicating the Shellpoint Misrepresentation to the major credit reporting agencies in violation of 15 U.S.C. § 1692e(8).

47. Shellpoint used false representation or deceptive means to collect the debt by using credit reporting as a collection method to falsely portray the debt as valid and enforceable when Shellpoint knew or should have known that the debt was expired, unenforceable, or otherwise uncollectable in violation of 15 U.S.C. § 1692e(10).

48. Shellpoint used false representation or deceptive means to collect the debt by failing to inform Plaintiffs that the debt was not legally enforceable, expired, or otherwise uncollactable in violation of 15 U.S.C. §1692e(10).

49. Shellpoint used unfair or unconscionable means to collect the debt by attempting to collect amounts that were not legally due in violation of 15 U.S.C. § 1692f(1).

50. Shellpoint used unfair or unconscionable means to collect the debt by threatening to foreclose or otherwise dispose of the Plaintiffs' real estate property though there was no present right to possession of the property or intention to take possession of the property in violation of 15 U.S.C. § 1692f(6).

51. Shellpoint failed to comply with The Fair Debt Collection Practices Act and are liable to Plaintiffs for actual damages and additional damages as the court may allow, up to $1,000.00 per incident pursuant to 15 U.S.C. §1692k.

52. Plaintiffs are entitled to recover costs and attorney fees from Defendant in an amount to be determined by the court pursuant to 15 U.S.C. § 1692k(a)(3).

**WHEREFORE,** Plaintiffs demand judgment for compensatory, actual, and punitive damages against Defendant for no less than $500,000, for their attorney fees and costs, for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court deems just, equitable, and proper.

DATED this 9th of November, 2015.

/s/ Rochelle N. Belnap

Rochelle N. Belnap
The Arizona Credit Law Group, P.L.L.C.
700 E Baseline Rd Suite C-3
Tempe, AZ 85283
(480) 907-6088

*Attorneys for Plaintiffs*

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2015, the Summons and Complaints was served this day on the below listed Defendants via U.S. Mail requesting waiver of service with proper postage.

/s/ Rochelle N Belnap
Rochelle N Belnap
The Arizona Credit Law Group, P.L.L.C.
700 E Baseline Rd Suite C-3
Tempe, AZ 85283
(480) 907-6088
*Attorney for Plaintiffs*

Prentice-Hall Corp System
2338 W. Royal Palm Rd.
Suite J
Phoenix, AZ 85021
*Statutory Agent for Defendant Trans Union, L.L.C.*

CT Corporation System
3800 N. Central Ave.
Suite 460
Phoenix, AZ 85012
*Statutory Agent for Defendant Experian Information Solutions, Inc.*

Corporation Service Company
2338 W Royal Palm Rd
Suite J
Phoenix, AZ 85021
*Statutory Agent for Defendant Equifax Information Services, L.L.C.*

Shari Kushner
140 E, 45th Street
37th Floor
New York, NY 10017
*General Counsel for Defendant Shellpoint Mortgage Servicing a subsidiary of Shellpoint Partners, L.L.C.*